IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRYL ELTON SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFERSON S. DUNN, in his official capacity ) | |
| as the Commissioner of the Alabama Department ) | Civil Action No.: 2:21-cv-573-MHT |
| of Corrections, ANTONIO MCCLAIN, ) | |
| Individually) and in his official capacity, ) | PLAINTIFF'S FIRST |
| Corrections Officer TERRELL HOLCEY, ) | AMENDED COMPLAINT |
| Individually and in their official capacity, ) | FOR DECLARATORY, |
| Corrections Officer CHERMAINE BASKIN, ) | COMPENSATORY AND |
| Individually and in his official capacity, ) | <u>INJUNCTIVE RELIEF</u> |
| Corrections Officer, BRANDON BOYD ) | |
| Individually and in his official capacity, ) | |
| Individually JACQUELYN URQUHART, ) | |
| in her official capacity, Fictitious Defendants ) | |
| A-Z being any person, employee or contractor ) | |
| responsible for the injuries stated herein. ) | |
| ) | |
| Defendants. ) | |

**<u>FIRST AMENDED COMPLAINT</u>**

**COMES NOW** the Plaintiff Darryl Elton Scott in the above styled cause and hereby brings this action against Defendants. Plaintiff Darryl Elton Scott, hereinafter referred to as Plaintiff, or Scott is, and at all relevant times was, incarcerated within the Alabama Department of Corrections ("ADOC") prisons. Plaintiff brings this action against defendants, hereinafter referred to as ADOC Defendants, Defendants, or by their name to remedy the defendants' failure to ensure the health and safety of Plaintiff for injuries and damages as stated herein.

1. At all times material hereto, Plaintiff was in the custody care and control of the Alabama Department of Corrections.

1

2. At all times pertinent to this action, ADOC defendants were in the regular service of the ADOC and were acting within the scope of their office or employment.

3. Defendants listed above in the style are, and at all times mentioned were, a political subdivision of the State of Alabama.

4. Unknown Defendants will be more correctly identified when ascertained.

5. Additionally, Plaintiff's requests for documents and information to the ADOC have been met with blanket denials and a claim that the incident is still under investigation. Medical treatment of Plaintiff, location of Plaintiff or any other information to which they are entitled have been withheld. Plaintiff makes these claims in good faith, after exhausting all available administrative remedies, under state and federal law upon information and belief and recollection of events with as much specificity as possible and intends to amend this Complaint as any additional facts may come to light in discovery.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as defendants reside, or at the time of the events giving rise to this action, resided in Alabama and/or the Middle District of Alabama, and a substantial portion of events made the basis of this complaint occurred in the Middle District of Alabama. Plaintiff resides in the Middle District of Alabama. ADOC is headquartered in the Middle District of Alabama. The Alabama Department of Corrections is a governmental entity of the State of Alabama, and as such causes of action must be filed at the seat of government, which is Montgomery, Alabama, located in the Middle District of Alabama. The amount exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

7. Plaintiff seeks compensatory, declaratory, and injunctive relief to compel Defendants to ensure the safety of Plaintiff against criminal and negligent acts by other inmates and ADOC officials and officers.

8. Plaintiff seeks an amount to be determined by a struck jury for compensation for injuries and damages caused by defendants. For the reasons stated herein, defendants have acted with deliberate indifference to the safety and security of Plaintiff.

9. Plaintiff seeks financial, punitive, declaratory, and injunctive relief for the Defendants' gross violations of Plaintiff's Constitutional rights under 42 U.S.C. § 1983 and 1988.

10. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343.

11. This Court has jurisdiction over the claims herein pursuant to 42 U.S. Code § 1983.

12. Plaintiff is over the age of nineteen, and a resident of the State of Alabama and incarcerated in the State of Alabama.

13. DEFENDANT JEFFERSON S. DUNN is over the age of nineteen and is a resident of the State of Alabama and was the Commissioner of the ADOC at all relevant times relating to claims set forth in the complaint, and he is sued herein in his official capacity. As the former Commissioner of the ADOC, Defendant DUNN was responsible for heading the Alabama Department of Corrections, for the independent direction, supervision and control of the Alabama Department of Corrections, and for approving and issuing administrative regulations and changes. Ala. Code 1975 § 14-1-1.3 (2010). He is responsible for providing constitutional conditions of confinement in all facilities. At all times relevant hereto, he has acted under color of state law. He is sued in his official capacity only. The Alabama Department of Corrections is the administrative department of the State of Alabama responsible for administering and exercising the direct and effective control over penal and

corrections institutions throughout the state of Alabama. Persons in the in-house custody of ADOC are housed in 15 major correctional facilities and 13 work camps or work release centers. ADOC is an instrumentality of the State of Alabama. ADOC receives federal funding.

14. DEFENDANT ANTONIO MCCLAIN is over the age of nineteen and is a resident of the State of Alabama. He is being sued in his individual and in his official capacity.

15. DEFENDANT HOLCEY is over the age of nineteen and is a resident of the State of Alabama. He is being sued in his individual and in his official capacity.

16. DEFENDANT BASKIN is over the age of nineteen and is a resident of the State of Alabama. He is being sued in his individual and in his official capacity.

17. DEFENDANT BOYD is over the age of nineteen and is a resident of the State of Alabama. He is being sued in his individual and in his official capacity.

18. DEFENDANT URQUHART is over the age of nineteen and is a resident of the State of Alabama. She is sued in his official capacity only.

19. FICTITIOUS DEFENDANTS A-Z are over the age of nineteen and are, or were at all times relevant, residents of the State of Alabama.

## STATEMENT OF FACTS

20. Plaintiff has been housed at multiple prisons within the Alabama Department of Correction, including but not limited to Bibb, Bullock, Ventress, Elmore, Staton and Hamilton. All are medium-security facilities for men, with approved capacity ranging between 500-1000 inmates.

21. Throughout his incarceration Plaintiff has been assaulted, forcibly raped, violated, humiliated, and permanently injured by fellow inmates.

22. Throughout his incarceration, Plaintiff has been beaten, humiliated and put in harm's way with deliberate indifference by defendants.

23. In September, 2019, Plaintiff informed Warden McClain at Bullock, that he had been threatened in the RTU from a hit on his life at the Bibb Correctional Facility (Bibb). Plaintiff also told Defendant McClain that fellow inmate Larry White had made threats against his safety. Defendant McClain laughed at Plaintiff, and Scott was forced out of the SU 9-10 Cell into the same dormitory with White. Upon information and belief White is a gang member and has raped and attacked other inmates. Upon information and belief, White had at all times relevant hereto been identified as a credible threat.

24. When moving Scott to the unit with White, Defendant Holcey and Defendant Baskin repeatedly kicked Plaintiff, in violation and dereliction of their oaths and duties and Scott's constitutional rights. Further, Defendant Holcey told Scott that he, Scott, was going to be "fucked in the ass and stabbed white boy, and maybe they will kill your retarded cracker ass." He then threatened to spray Scott with mace. A witness confirmed that the officers were laughing at him saying they were going to watch, and there was nothing Scott's "stupid white ass could do about it."

25. Scott was then drug to his bunk by White, and a sheet was made to obstruct the view from outside, and Scott was forcibly raped and assaulted.

26. Scott was taken to an outside facility for treatment where the rape was confirmed. He was then brought back to Bullock, and with deliberate and sadistic indifference to Plaintiff's safety, Defendants again placed Plaintiff in the same dormitory where the rape occurred with White. Plaintiff was again beaten and raped by White.

27. Following the rapes, Scott continued to notify defendants of the threat to his life and safety verbally and in writing. Plaintiff filed formal complaints and followed procedure for all administrative remedies, all of which were denied or ignored by defendants. Plaintiff's attempts to resolve this matter with administrative procedures have proven futile. The failure of the ADOC to address Plaintiff's formal and informal complaints through administrative channels and procedures has caused Plaintiff to suffer unnecessary, irreparable, and avoidable harm.

28. While incarcerated, Plaintiff has had to endure the following, particularly at Bullock: lack of sufficient, if any, heating and air conditioning, bed frames are torn apart to make knives, also leaving sharp and dangerous edges on the beds. Some inmates sleep on bare metal, floor or wooden benches. Lack of a sufficient number of, or no, bed mats. Cells do not lock, and people move about freely. Officers will not respond unless one beats and screams on windows and doors. They can see in cells due to windows. Sometimes windows are intentionally obscured by officers and/or inmates. Officers spend significant amounts of time sleeping. Officers seldom come in for count. Officers bring drugs and knives to inmates and put hits on inmates and alter medical and other records. Defendant Urquhart was warned and aware that Plaintiff could or would be attacked.

29. Plaintiff was later transferred to Hamilton A&I, and he felt some measure of reasonable safety, but a few days later, he was transferred to Bibb and then a short few days later transferred to Easterling in the fall/winter of 2020, after ADOC was aware of the undersigned's representation of Plaintiff.

30. While at Hamilton, prison officials opened a letter Plaintiff had written to ADOC's Intelligence and Investigations Division (I&I) about his concerns for his life and read it

aloud in front of Plaintiff and an officer whose name is unknown. Plaintiff also saw the letter on officer Roseman's desk at Bibb. The letter had been faxed by ADOC employee Givens. Plaintiff's Progress Report at Bibb stated that he had a "validated threat." This publication further threatened Scott's safety and resulted in retaliation by Defendants.

31. Plaintiff has had to undergo surgeries, mental health treatment and other medical treatment as a result of the injuries caused by Defendants.

32. In late April or early May 2021, after ADOC was aware of his imminent legal action them, Plaintiff was inexplicably transferred back to Bullock, where he was beaten and spit on by defendants. The time and conditions of his transfer were not in line with the administrative standards and procedures of ADOC.

33. In June, 2021 Scott was sent to Citizens Hospital for several weeks for mental evaluation and treatment. Following his treatment, he was again sent back to Bullock where he remains and continues to fear for his life and safety.

34. Plaintiff has exhausted all administrative remedies, sufficient to satisfy state and federal laws and standards, including but not limited to 42 U.S.C.A. § 1997e and as such this action is ripe and proper for adjudication.

35. Plaintiff is classified as a medium security threat, though he was convicted of a non-violent crime, and he does not have a record of violence prior to or during his incarceration. However, all of his attackers have been charged with violent crimes, such as murder and sodomy and, upon information and belief, were known to be at high risk for violence and had performed acts of violence on other inmates. Plaintiff warned Defendant McClain and other ADOC defendants that there was a threat to his safety and life. Defendants failed to

properly classify Plaintiff, a non-violent offender as a medium security threat. Further, defendants failed to properly classify the inmate defendants named and fictitious herein.

36. Larry White had been labeled as a credible threat. ADOC defendants, particularly Defendant McClain, knowing the substantial risk of harm, and with deliberate indifference to that risk, intentionally moved Plaintiff into a unit with White, twice, even after the initial attack. Defendant Holcey, when moving Plaintiff, stated his desire for Plaintiff to be raped and killed, while spouting racial epithets, in front of other inmate and guard witnesses. This behavior demonstrates sadistic and deliberate indifference to Plaintiff's safety.

37. As a result of the deliberately indifferent, intentional, negligent and sadistic acts described herein, Plaintiff suffers from Post-Traumatic Stress Disorder, Chronic Depression, rips and tears in rectum, scars from stabbing, scarred pupil from assault, hearing loss from being kicked in his right ear, chronic pain, flashbacks, embarrassment, blood clots, passing blood clots, nightmares, has been required to undergo surgery and mental health treatment. He continues to fear for his life.

38. Defendants knew or should have known of the issues stated herein and did nothing to help causing injuries and damages to Plaintiff.

39. Counsel for Plaintiff was approved to visit Plaintiff on July 15, 2021, but they were informed the morning of the visit that Mr. Scott was under a watch and was not coherent to speak. No other information could be obtained as to Mr. Scott's condition or treatment. Mr. Scott has denied any incoherence on the date of the scheduled visit. They were later able to meet with him August 5, 2021.

40. Defendants failed or refused to secure Plaintiff's mail and legal mail. The contents of these documents were published verbally or via electronic or telephonic transmission causing further retaliation to befall Plaintiff.

41. Defendants failed to properly staff and secure their facilities.

42. Defendants failed to properly maintain their facilities in a safe and inhabitable way.

43. Defendants allow prisoners to intermingle and/or inhabit open dormitories resulting in a lack of security and safety to Plaintiff.

## COUNT I- VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

44. Plaintiff realleges and re-incorporates paragraphs 1-43 above as if fully set forth herein.

45. Defendants are, and at all times relevant hereto are and were, a political subdivision of the State of Alabama.

46. Plaintiff was placed in the custody of ADOC for the purpose of serving a sentence for violation of state laws; and ADOC incarcerated Plaintiff in the State of Alabama.

47. At all times pertinent to this action, Defendants were acting within the scope of their office or employment with ADOC or were in the custody of ADOC.

48. Plaintiff does not know the true names of defendants A-Z, and therefore sues them by those fictitious names. Plaintiff, upon information and belief, and on the basis of that information and belief alleges, that each of those defendants was in some manner negligently and proximately responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages and will be more correctly identified when ascertained.

49. At all times relevant to the actions made the basis of this complaint, ADOC maintained and controlled the prisons housing Plaintiff.

50. At all times relevant to the actions made the basis of this complaint, Defendants were employed by ADOC.

51. Through the acts and omissions alleged herein, Defendants have subjected Plaintiff to a pattern and/or practice of behavior and conditions of confinement that deprive him of the rights, privileges, and immunities secured and protected by the Eighth and Fourteenth Amendments to the Constitution of the United States, causing him to suffer grievous harm.

52. Through the acts and omissions alleged herein, ADOC Defendants have exhibited deliberate and sadistic indifference to the safety of Plaintiff.

53. This is an action for violation of Constitutional rights under 42 U.S.C. § 1983 and violation of the rights, privileges, or immunities of Plaintiff guaranteed and protected by the Eighth and Fourteenth Amendments to the Constitution of the United States against Defendants.

54. Defendants, while acting under color of state law and by virtue of the authority vested in them by the State or its agencies, violated Plaintiff's Constitutional rights by designing, implementing and enforcing policies and procedures which permitted Deputies and/or Correctional Officers to abuse their authority with deliberate and sadistic indifference by causing or allowing to be caused serious physical and mental injury and damage to Plaintiff.

55. Defendants owed a duty of care to Plaintiff which they breached for the reasons stated herein.

56. Plaintiff was on multiple occasions assaulted, forcibly raped, violated, humiliated and permanently injured by fellow inmates. On multiple occasions, he was beaten, humiliated and put in harm's way with deliberate indifference by Defendants.

57. The Defendants failed and/or refused to properly supervise the conduct of inmates, officers and facilities. Further, Defendants failed or refused to prevent, remedy or discipline.

58. Throughout his incarceration with ADOC, Defendants, with improper purpose and gross negligence, breached their duty of care owed to Plaintiff in the following manner:

    a. Failed to perform a proper investigation of the complaints concerning the safety of Plaintiff;

    b. With improper purpose and gross negligence, ignored evidence of Plaintiff's complaint about the threats to his safety, and in retaliation for his complaints placed Scott's life in danger by placing him into the dorm with his attacker, more than once, read his legal and other documents and mail aloud and distributed it among other facilities' administration, beat him and used racial slurs and showed a gross and sadistic disregard for his safety and openly stating they hoped he would be murdered, having him returned to Bullock twice, despite of and with knowledge of the rape and of the instant action being forthcoming and the continued threats to Scott.

59. Defendants acted with a reckless disregard of human life and/or the safety of Plaintiff while in their control, custody and care. Their conduct showed such an entire lack of care for the civil rights of Plaintiff that the Defendants were deliberately and sadistically indifferent to the consequences. Further, Defendants acted wantonly, recklessly and with total disregard for the safety and welfare of the life of and safety of Plaintiff.

60. Defendants, through their actions heretofore described, caused Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, including:

    a. The right to liberty protected by the Fourteenth Amendment;

    b. The right to substantive and procedural due process as protected by the Fourteenth Amendment;

    c. The right to be free from unlawful detention and imprisonment as secured by the Fourth and Fourteenth Amendments;

    d. The right not to be subjected to cruel, unusual and excessive punishment, as guaranteed by the Eighth Amendment to the Constitution;

    e. The right to be secure in his person and right of privacy as protected by the Fourth and Fourteenth Amendments; and

    f. The right not to be discriminated against based on race.

61. By reading Plaintiff's mail to I &I, legal mail and other documents aloud and disseminating among facilities, privileged and confidential information, Defendants, subjected Plaintiff to be retaliated against for communicating with attorneys regarding conditions of confinement and for the instant action being forthcoming, in violation of the First and Fourteenth Amendments to the U.S. Constitution. Defendants, aware of the retaliatory actions complained of herein, have condoned or been deliberately indifferent to such conduct.

62. Defendants had actual or constructive knowledge of the unlawful customs, policies and practices as set forth above and had the power and authority to establish and enforce policies, procedures, supervision and training to prohibit such unlawful conduct. However, they failed to do so, and in fact, participated in and/or directly caused the damages to Plaintiff. Defendants' actions demonstrated reckless and/or deliberate indifference to Plaintiff's fundamental and clearly established Constitutional rights and evidenced an

intentional, deliberate, conscious and sadistic disregard and indifference to Plaintiff's safety and welfare.

63. As a direct proximate and foreseeable result of the Constitutional violation and intentional misconduct of the Defendants, as set forth herein, Plaintiff has suffered severe physical and emotional injuries, and he continues to live in fear of his life.

64. During Plaintiff's incarceration, he was attacked by a group of prisoners, namely Larry White, who beat and raped Plaintiff. Defendants Holcey and others repeatedly kicked Plaintiff, observed the rape by White and did nothing to stop the rape resulting in severe and permanent injuries and damages to his body and mind and in violation of the rights and protections afforded him under the Constitution.

65. Defendants were informed by Plaintiff and knew, or in the exercise of ordinary care should have known, that its practice of housing Plaintiff with certain other inmates, some of whom were mentally disturbed and/or violent offenders and verified threats, without adequate supervision made it highly foreseeable that Plaintiff would be the victim of attacks by other prisoners resulting in severe and permanent injuries and damages to his body and mind and in violation of the rights and protections afforded him under the Constitution.

66. Defendants knew, or in the exercise of ordinary care should have known, that the number of guards provided was insufficient to prevent such attacks and inadequate to rescue prisoners should such attacks occur, as a result, Plaintiff has been caused to suffer severe and permanent injuries and damages to his body and mind and in violation of the rights and protections afforded him under the Constitution.

67. As a direct and proximate result of Defendants' sadistic and deliberate indifference and negligence as described above, Plaintiff has suffered severe and permanent injuries and

damages to his body and mind and in violation of the rights and protections afforded him under the Constitution.

68. Plaintiff has exhausted all administrative remedies, sufficient to satisfy state and federal laws and standards, including but not limited to 42 U.S.C.A. § 1997e.

## PRAYER FOR RELIEF

69. Plaintiff realleges and incorporate the paragraphs 1-68 above as if fully set forth herein.

70. The Defendants' actions in violation of the above-referenced Counts were done with malice and/or reckless and deliberate and or sadistic indifference towards the Plaintiff and his rights protected by federal laws.

71. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless and until Plaintiff is granted the relief requested. The need for relief is critical because the rights at issue are paramount under the United States Constitution and the laws of the United States.

72. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court grant the following relief:

A. Adjudge and declare that the acts, omissions, policies, and practices of ADOC Defendants and their agents, employees, officials, and all persons acting in concert with them under color of state law or otherwise, described herein are in violation of the rights of Plaintiff under the Cruel and Unusual Punishment Clause of the Eighth Amendment, which grants constitutional protection to the Plaintiff;

B.  Preliminarily and permanently enjoin all Defendants, their agents, employees, officials, and all persons acting in concert with them under color of state law, from subjecting Plaintiff to the illegal and unconstitutional conditions, acts, omissions, policies, and practices set forth above;

C.  Order Plaintiff moved forever from Bullock County Correctional Facility to Hamilton Aged & Infirmed Center for his safety and security while incarcerated by Alabama Department of Corrections;

D.  Order ADOC Defendants, their agents, employees, officials, and all persons acting in concert with them under color of state law, to develop and implement, as soon as practical, a plan to eliminate the substantial risk of serious harm that Plaintiff suffered and continues to suffer due to inadequate procedures and protocols. The plan shall include at a minimum the following:

1.  Staffing: Staffing shall be sufficient to provide Plaintiff the security, safety and protections to which he is entitled;

2.  Screening: Policies and practices that reliably classify and house prisoners of like threat levels;

3.  Security: Assess and correct all issues with all security related issues whereby Plaintiff can be targeted by predators;

4.  Environmental Conditions: Basic sanitary conditions that ensure the safety of Plaintiff;

5.  Discipline: Review and assess all employees and take the appropriate steps to retrain, discipline or terminate those prison officials who act with deliberate and sadistic indifference to the safety and security of Plaintiff;

  6. Quality Assurance: A regular assessment of staff, services, procedures, and activities designed to improve outcomes, and to identify and correct errors or systemic deficiencies;

E. Award Plaintiff the costs of this suit, and reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988, and other applicable laws;

F. Retain jurisdiction of this case until all Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

G. An amount to be determined by a struck jury together with costs;

H. Award such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 22nd day of April 2022.

_____
Johnny Adams (ASB-9293-S19N)
Attorney for Plaintiff
324 Ellis Street
Union Springs, AL 36089
P. (334) 738-3300
F. (800) 738-6860
johnny@johnnyadamslaw.com

## CERTIFICATE OF SERVICE

      I, Johnny Adams do hereby Certify that a true and correct copy of the foregoing has been furnished via, U.S. Mail on this the 22nd day of April 2022 to:

Jefferson S. Dunn
Commissioner of the Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130-1501

Jacquelyn Urquhart
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130-1501

Antonio McClain
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130-1501

Chermane Baskin
8804 Ryan Ridge Loop
Montgomery, AL 36117

Terrell Holcey
2288 Lee Road 27
Opelika, AL 36804

Brandon Boyd
1400 James I. Harrison Jr. Pkwy E
Suite 300
Tuscaloosa, AL 35405

                                        _____
                                        Johnny Adams (ASB-9293-S19N)
                                        Attorney for Plaintiff