IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DARRYL ELTON SCOTT,** <br> **AIS #250107,** <br> <br> Plaintiff, <br> <br> v. <br> <br> **ANTONIO MCCLAIN, et al.,** <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:21-cv-573-MHT-CWB <br> ) <br> ) <br> ) <br> ) |

**PROTECTIVE ORDER**

The pending Motion for Entry of Stipulated Protective Order (Doc. 85) is hereby **GRANTED** to the extent set forth below. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is **ORDERED** as follows:

**1.** **Scope of Order**. This Order governs the handling of all documents, personal identification information, and testimony designated as "confidential" or "restricted."

**2.** **Scope of Documents Subject to Being Designated Confidential**. Any party may designate as "confidential" or "restricted" in whole or part any document or information in this action, including (but not limited to) any answers to interrogatories or other discovery requests and/or any portion of a deposition (including exhibits), that contains any confidential, proprietary, personal, or other information deemed sensitive by the Alabama Department of Corrections (ADOC). Information designated "confidential" or "restricted" may include (but is not limited to) information: (1) likely to jeopardize the safety of prisoners in ADOC's custody if made public; (2) likely to result in retaliation based on a good faith belief concerning the likelihood of such

1

retaliation due to demonstrable circumstances; (3) concerned with or related to an ongoing investigation of an incident; or (4) generated as part of internal or self-critical reviews and/or quality control measures, such as mortality reviews regarding prisoner deaths. Examples of documents historically designated as "confidential" or "restricted" include schematics and blueprints, restricted policies and procedures, and administrative and criminal investigative files. For purposes of this Order, the term "document" or "documents" means all written (whether electronic or in hard copy format), recorded, or graphic material and/or any information contained therein, whether produced or created by a party or another person and whether produced pursuant to Rule 34, in response to a subpoena, by agreement, or otherwise. Notwithstanding the foregoing, the parties shall be both reasonable and restrictive in designating information and documents as "confidential" or "restricted." Whenever possible to assist in mediation, settlement, and/or trial preparation, the designating party may provide a redacted copy of any designated document so that a party may review it.

    **2(a).** **Non-Disclosure of Personal Data, Including Social Security Numbers, Dates of Birth, Addresses, and Phone Numbers**. Plaintiff's counsel understand and agree that the above referenced personal data, including and relating to social security numbers, dates of birth, addresses, and phone numbers, of ADOC employees or family members of ADOC employees are at all times deemed "confidential" and shall not under any circumstances (regardless of whether or not a document containing such information has the words "confidential" or "restricted" written, stamped, typed, and/or copied on it) be disclosed in any shape, fashion, or form to Darryl Scott or anyone affiliated with him, including (but not limited to) his family, friends, witnesses, or health care and/or mental health care providers. Plaintiff's counsel further understand and agree that prior to filing any documents containing "confidential" or "restricted"

information, they must meet and confer with counsel for Defendants to determine appropriate redactions or whether to move to file the documents under seal.

3. **Non-disclosure of Personal Information and Documents Designated as Confidential**. No information and/or document designated as "confidential" or "restricted" may be disclosed to any person except as provided in this Order or with the prior written consent of the party or person originally designating the information and/or document as "confidential" or "restricted."

4. **Designation of Information and Documents as Confidential**. Parties may designate information and/or documents as "confidential" or "restricted" by either of the following methods:

    a. by writing, typing, copying, or stamping the words "confidential" or "restricted" on the face of any materials upon their initial production to the opposing party in a way that brings it to the attention of a reasonable examiner; or

    b. by statement on the record in a deposition that the material is designated as "confidential" or "restricted" and by following up with written notice specifically designating by page, line, and paragraph the testimony that is contended to be "confidential" or "restricted" and the grounds for the same.

5. **Health Insurance Portability and Accountability Act of 1996**. This Order shall also serve as a qualified protective order for purposes of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and its implementing regulations and shall serve as an order authorizing any health care and/or mental health care provider, health plan, or other entity covered by HIPAA to produce unredacted protected health information, which includes documents and records relating to past, present, or future medical or mental conditions, of any individual who is or was an inmate in the custody of

the ADOC at any time between December 6, 2018 and the trial of this action. This Order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA, 45 C.F.R. § 164.512(e)(1), and expressly authorizes any third-party who receives a subpoena in this action requesting the production of documents or commanding attendance at deposition or trial to disclose protected health information in response to such request or subpoena. Sufficient proof for purposes of this Order that an individual is or was in ADOC custody shall include a printout from ADOC's inmate database, available at http://www.doc.state.al.us/InmateSearch.

6. **Disposition of Documents**. Within sixty calendar days after the final disposition of this action (including any appeals), each party must either return all "confidential" or "restricted" information and all protected health information to the producing/designating party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the "confidential" or "restricted" information and protected health information may have been reproduced or captured.

7. **Written Certification to the Designating Party.** Whether "confidential" or "restricted" information or protected health information is returned or destroyed, each receiving party must submit a written certification to all affected parties by the sixty-day deadline that: (a) identifies (by category, where appropriate) all information that was returned or destroyed; and (b) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any "confidential" or "restricted" information or protected health information.

8. **Permissible Disclosures**. Except as prohibited under paragraph 2(a) above, information and/or documents designated as "confidential" or "restricted" may be disclosed to: counsel for the parties in this action who are actively engaged in the conduct of the litigation;

the partners, associates, secretaries, paralegals, assistants, coworkers, and/or employees of such counsel to the extent reasonably necessary to render professional services in the litigation; persons with prior knowledge of the documents and/or the confidential information contained therein; and court officials involved in the litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed:

    a.    to persons noticed for depositions or designated as trial witnesses to the extent counsel in good faith believe disclosure is reasonably necessary to prepare them to testify (as long as personal data such as social security numbers, dates of birth, telephone numbers, mailing address and street addresses have been redacted) and/or to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form indicating that the signatory has received a copy of this Order and understands among other things the restrictions contained herein relating to information and/or documents labeled "confidential" or "restricted"; and

    b.    to any person designated by the court in the interest of justice, upon such terms as the court may deem proper.

**9.** **Inadvertent Disclosure**. If documents are produced containing information that in a party's opinion should have been but was not designated as "confidential" or "restricted," such party may designate the documents and/or information as "confidential" or "restricted" by notifying counsel for all parties of the designation in writing and by re-submitting to counsel for all parties as soon as possible a copy of the documents in question designated as "confidential" or "restricted" pursuant to paragraph 4 above. Upon receipt of such notification, the parties will thereafter treat the documents and/or information as "confidential" or "restricted" and only utilize the newly marked version of the documents.

10. **Declassification**. If a party should object to the designation of documents or information as "confidential" or "restricted," the party must give written notice of such objection to the designating party. Counsel shall then in good faith attempt to confer to resolve the objection. If no resolution is reached, the party objecting to the designation may apply to the court for a ruling as to whether the information, document, and/or category of documents in question is entitled to confidential status and protection.

11. **Confidential Information in Depositions**. A deponent may during the deposition be shown and examined about information and/or documents designated as "confidential" or "restricted" as long as personal data identified in paragraph 2(a) above (including but not limited to data such as social security numbers, dates of birth, addresses, and telephone numbers) has been redacted. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about the information and/or documents designated as "confidential" or "restricted." Deponents shall not retain or copy portions of the transcript of their depositions that contain "confidential" or "restricted" information not specifically provided by them or the entities they represent unless they sign the form prescribed in paragraph 8(a).

12. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, "confidential" or "restricted" information may be offered into evidence at trial or at any hearing or during oral argument, provided that the offering party gives advance notice to the court and counsel for the designating party. At the deadline for producing witness and exhibit lists, the parties shall exchange lists of exhibits designated as "confidential" or "restricted" that they intend to offer into evidence at trial. Any party may offer "confidential" or "restricted" information for use in rebuttal or for impeachment. If information and/or documents designated as "confidential" or "restricted" are later introduced into evidence or considered by the court, the party who

originally produced and designated the information and/or documents as "confidential" or "restricted" may seek an instruction whereby the court will inform the jury:

    a.    to disregard the "confidential" or "restricted" marking on the document; and

    b.    that the fact that any information and/or document has been labeled as "confidential" or "restricted" should not be viewed or inferred as having any special significance, meaning, or bearing on the issues presented for deliberation.

However, any other party may object to said instruction or seek a different instruction with regard to the information and/or documents designated as "confidential" or "restricted." Any party also may move the court for an Order that information and/or documents designated as "confidential" or "restricted" be received *in camera*, under seal, and/or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should be treated as "confidential" or "restricted" and, if so, what protection, if any, should be afforded to such information at the trial.

    13.    **Filed Under Seal**. Information and/or documents designated as "confidential" or "restricted" need not be filed with the Clerk of Court except when required in connection with motions under Fed. R. Civ. P. 56 or other matters pending before the court. If a party seeks to file any such documents, counsel for the party must meet and confer with counsel for the designating party to determine whether such documents may be filed with suitable redactions to protect the information designated "confidential" or "restricted." If the parties cannot agree on suitable redactions or agree that suitable redactions would be impracticable, the party seeking to file the information may file a motion seeking leave to file the information under seal. After the close of fact discovery, and as soon as practicable but no later than July 1, 2024, the parties shall exchange lists of documents containing "confidential" or "restricted" information each intends to use in any

pretrial motion and/or during mediation. No later than August 1, 2024, the parties shall file a motion requesting an order regarding which, if any, documents or portions of documents may be filed under seal. The parties must include, to the extent anticipated, all documents, or portions of documents, they wish to file under seal in the initial motion. As soon as practicable, but no more than seven days after the close of expert discovery, the parties shall meet and confer and exchange lists of any additional documents containing "confidential" or "restricted" information each intends to use in any pre-trial motion and/or during mediation. No later than twenty-one days prior to the dispositive motion deadline, the parties shall file a motion requesting an order regarding which, if any, additional documents, or portions of documents, may be filed under seal. All documents permitted to be filed under seal shall remain sealed while in the office of the Clerk of Court for as long as they retain their status as documents designated as "confidential" or "restricted." The parties may seek to exchange these designation lists and move for leave to file under seal in support of dispositive motions as soon (and as frequently) as the need to do so becomes apparent.

14. **Termination of Representation**. If any counsel for a party ceases to represent a party before the conclusion of this action, the file must be returned to the party, except for those documents labeled "confidential" or "restricted." Any "confidential" or "restricted" documents shall be filed under seal with the court. The court will then determine which documents the party may have access to and the extent to which those documents should be redacted to protect sensitive information.

15. **Client Consultation**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients and, in the course thereof, from relying on examination of information and/or documents designated as "confidential" or "restricted";

provided, however, that in rendering such advice and otherwise communicating with their respective clients, counsel shall not under any circumstances disclose any item referenced in paragraph 2(a); nor shall counsel disclose any other "confidential" or "restricted" information except pursuant to the procedures of paragraph 8.

16. **Use Restricted to this Litigation**.  Persons obtaining access to information and/or documents designated as "confidential" or "restricted" under this Order shall use the information and/or documents only for this litigation (including appeals and retrials) and shall not use such information and/or documents for any other purpose, including business, governmental, commercial, or administrative, and/or for other proceeding, including (but not limited to) judicial proceedings.

17. **Contempt of Court**.  Any unauthorized disclosure of information and/or documents designated as "confidential" or "restricted" under this Order shall be subject to contempt proceedings and penalties imposed by the court.

18. **Modification Permitted**.  Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery believed to be otherwise improper.

19. **Responsibility of Attorneys**.  Counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of "confidential" or "restricted" information and copies of documents designated as "confidential" or "restricted." Parties shall not duplicate any documents designated as "confidential" or "restricted," or any documents containing confidential personal information, except to use as working copies and for filing in court under seal.

20.     **Admissibility of Evidence in Court**.  The provisions of this Order shall not affect the admissibility of evidence at trial or in any preliminary proceeding or motions, except as directed by separate order entered for good cause shown.

The Clerk of Court is **DIRECTED** to send a copy of this Order to all counsel of record.

**DONE** this the 26th day of February 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**